MARMON MOTOR CAR COMPANY *v.* SCHAFER.

[No. 14,130.   Filed December 18, 1931.]

*Joseph W. Hutchinson* and *Branigan & Branigan,* for appellant.

*White & Jones, John E. Sedwick, Gilbert Butler* and *Henry E. White,* for appellee.

KIME, J.—This was an action brought by the appellee against the appellant for damages for personal injuries alleged by him to have been received by reason of the negligence of the appellant. The accident resulting in said injuries was caused by a collision between an automobile driven by appellee and one driven by an employee of appellant on state road 37 between Martinsville and Indianapolis.

The issues were issues of law raised by appellant's demurrer to the first paragraph of the complaint, which demurrer was overruled, and an issue of fact raised by appellant's answer in general denial. The issue of fact was submitted to a jury. At the conclusion of the evidence, the appellee dismissed a second paragraph of complaint which had been filed by him so that no notice need be taken of that paragraph. The jury returned a verdict for the appellee for $7,000 upon which judgment was rendered, but which was afterwards reduced to $6,700 by a *remittitur*. The error relied on for a reversal is the overruling of appellant's motion for a new trial.

The appellant assigns as one of the specifications in the motion for a new trial the manner of questioning the

jurors upon their *voir dire* touching their qualifications to serve. The tenor of questions propounded to several jurors was, in substance: Are you connected in any way or do you carry insurance in the American Mutual Liability Insurance Co.? Appellant says that this mode of questioning amounts to misconduct on the part of counsel.

The object of examination on the *voir dire* is to disclose to the examiner what the prospective juror thinks, does, or is, and his reaction to certain matters. The object of such an examination is not to plant in the juror's mind prejudicial matter. This can be done very adroitly or very crudely, depending upon the personality of the examiner. Some will ask many questions to avoid disclosing what they are seeking. Some will go directly to the heart of the matter by propounding a single inartificial question. The inflection of the voice or the expression of the face may carry some innuendo which only the trial judge is capable of passing upon. Where the trial judge has passed on the question in the motion for a new trial, an appellate tribunal should be slow in reversing, especially so in the absence of a positive showing of an abuse of discretion. We do not believe that the bars should be thrown down to allow any and all questions, and the existing law cannot be so construed. The difference in personalities, environment and training will always find us attaining the same end in many different ways. So long as it is done in good faith, harm will rarely be done. True the distinction between good faith and bad may be extremely finespun in many instances, but each case must rest on its own peculiar facts. The above is based upon the reasoning in the following cases. *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443; *M. O'Connor & Co.* v. *Gillaspy* (1908), 170 Ind. 428, 83 N. E. 738; *Inland Steel Co.* v. *Gillespie* (1914), 181 Ind. 633, 104 N. E. 76.

Instruction No. 4, asked for by the defendant and refused by the court, was a correct general statement of the sudden peril theory but was too general. Being fully covered, however, by No. 3, asked for by defendant and given, the refusal to give No. 4 does not constitute reversible error.

Instruction 19 relative to proximate cause, given by the court of its own motion, when construed with Nos. 15, 16, 17, 18 and 20 of the same set, cannot be said to be erroneous, inconsistent or misleading. The case of *Newhouse* v. *Miller* (1871), 35 Ind. 463, and cases there cited sustain us in our theory here.

Error is assigned in giving Nos. 25, 26, 27 and 29 on the court's own volition. These were all explanatory of the Motor Vehicle Act of 1927 relative to negligence, and, taken in connection with other instructions given, coupled with the fact that instructions touching the same subject were not tendered by appellant, does not show that appellant has been harmed.

Instruction No. 30 from the set given by the court is attacked as to a minor phrase. This instruction was not mandatory, and there was no evidence upon the point that the particular phrase covered. The case of *Thomas Madden, Son & Co.* v. *Wilcox* (1910), 174 Ind. 657, 91 N. E. 933, follows a line of Indiana decisions to the effect that an instruction is harmless which is not mandatory, although it includes some item on which there is no evidence. There was no evidence in the instant case of the "pecuniary value of any services rendered in an attempt to effect a cure for said injuries," and, therefore, under the *Madden Case,* the giving of that part of the instruction to which appellant objects is harmless. In the instant case the instruction was not mandatory; it did not assume that any such services were rendered; it stated plainly that such services were to be included "all as shown by the

evidence and not otherwise," all of which means that, if there was no evidence, the jury should disregard that item.

All instructions given by the court must be construed together and not separately. It is not intended that every instruction shall fully cover each and every phase of the case. *Reddick* v. *Young* (1912), 177 Ind. 632, 98 N. E. 813; *In re Darrow & Talbot* (1910), 175 Ind. 44, 92 N. E. 369; *Oolitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 91 N. E. 944; *Sterling* v. *Frick* (1908), 171 Ind. 710, 86 N. E. 65, 87 N. E. 237; *Bowman* v. *Bowman* (1899), 153 Ind. 498, 55 N. E. 422; *Louisville, etc., R. Co.* v. *Grantham* (1885), 104 Ind. 353, 4 N. E. 49.

Appellant contends that the jury was not fully instructed. Appellant cannot complain that the jury was not fully instructed or that instructions were not full enough unless it tendered fuller instructions. *Toledo, etc., R. Co.* v. *Miller* (1909), 44 Ind. App. 227, 88 N. E. 968; *Blacketer* v. *House* (1879), 67 Ind. 414; *Louisville, etc., R. Co.* v. *Grantham, supra.* The verdict is clearly right on the evidence, and there is no reversible error shown in the giving or refusal to give instructions.

From the above it is clear that we find no harmful or reversible error.

The judgment of the trial court is affirmed, and it is so ordered.