## RIECHMANN *v.* REASNER.

[No. 27,927.   Filed October 25, 1943.]

*Frederick P. Bamberger* and *Edmund F. Ortmeyer*, both of Evansville (*Leonard Ashley*, of Boonville, of counsel), for appellant.

*John H. Jennings*, of Evansville, for appellee.

O'MALLEY, J.—This action was brought by the appellee against the appellant to recover damages for personal injuries allegedly sustained by reason of the collision of an automobile owned and operated by the appellee with an automobile operated by the appellant. The collision occurred at a street intersection in the City of Evansville, Indiana.

The only assigned error is the overruling of the motion for a new trial.

In the *voir dire* examination of the jury the appellee's attorney asked each of them whether or not he had any interest in or connection with the Gulf Insurance Company. Objection to this question having been overruled, the appellant then moved to discharge the panel, which motion was likewise overruled. Error is assigned on these rulings. It is claimed that since this action was tried by a "struck jury" under § 4-3313, Burns' 1933, § 333, Baldwin's 1934, the only challenge available to the parties was for cause; that interest in or connection with the Gulf Insurance Company would not have been a proper ground for

removal for cause, and that the propounding of the question was in "bad faith," and for the sole purpose of informing the jury that an insurance company was interested.

The record shows that when the objection to the question was made, the appellee's attorney, out of hearing of the jury, informed the court that he had been negotiating with the Duncan Adjusting Company, that the Duncan Adjusting Company represented the Gulf Insurance Company, that the defendant's car was insured in the Gulf Insurance Company, and that he had a letter in his file from the adjusting company relative to this case. In the absence of a counter-showing, the court must have concluded that the representations thus made by an officer of his court were true, and it was not error for the court to permit the appellee to ascertain whether or not any member of the panel was interested in the Gulf Insurance Company as agent, director or otherwise, to the end that if a proper interest was shown, a challenge for cause could be used.

We now proceed to an examination of the claim of error in the giving of instruction number three, given on the court's own motion. The appellant under proposition "E" characterized this instruction as correctly defining the standards of conduct and care governing the rights of the parties, in the following language:

> "... and instruction No. 3, given by the court of its own motion, which correctly advised the jury as to the standards of care fixed by law, . . . which said instructions . . ., correctly informed the jury as to the standards of conduct governing the rights of the parties, and likewise correctly informed the jury as to what standard should be applied in passing upon the questions before them." Appellant's brief, p. 222.

Having thus measured and evaluated this instruction, appellant cannot be permitted to question its correctness, and this claimed error is thus obviated. .

Appellant also claims error in the giving of instructions number one, three, five, six, seven and eight tendered by appellee.

Instruction number one told the jury that the standards fixed by statutes and court decisions are not unyielding under any and all circumstances, and ■ that each driver must use reasonable care in the light of the facts and circumstances involved. This instruction is not subject to the objections raised. It was not mandatory, and appellant cannot predicate error on the lack of fullness without offering an instruction which contains the desired elements.

Instruction number three charges that each driver of an automobile must use reasonable care, and even though appellant was approaching from the right, ■ that fact would not relieve her from using reasonable care. The objection here is that the instruction does not include elements as to the location or position of appellee's car. The instruction was not mandatory and was proper as far as it went. Appellant should have offered instructions containing the added elements. This she did not do and she is not in position to complain because the instruction did not go far enough. *Marmon Motor Car Co.* v. *Schafer* (1931), 93 Ind. App. 588, 591, and cases cited, 178 N. E. 863, 864.

Instruction number five is not subject to the criticism that the court invaded the province of the jury and assumed that appellee reached the intersection ■ first. It merely stated the general law relative to the one approaching an intersection from the

right, and that appellee had the right to assume others who were using the highway would use ordinary care.

The objection to instruction number six is that it permitted consideration of evidence not related to the subject of damages. Appellant does not point out any evidence that would or could be improperly considered. The instruction details what is to be taken into consideration in determining damages and includes the words "if any has been shown" applied to each part of the instruction, and no jury of average intelligence could have been misled. The instruction was not mandatory in form, and in the absence of evidence tending to permit the jury to consider improper elements in computing damages, could not be the basis for reversible error. *Thomas Madden, Son & Co.* v. *Wilcox* (1910), 174 Ind. 657, 91 N. E. 933; *Marmon Motor Car Co.* v. *Schafer* (1931), 93 Ind. App. 588, 591, 178 N. E. 863, 864.

The claim, that instruction number six offered by appellee and number seven given by the court on its own motion, were confusing to the jury, is not well founded. The former detailed the elements to be considered in computing damages, the latter sets out forms of verdicts and an admonition that the amount found must be based on the evidence "on that subject."

The authorities cited by the appellant on the above and foregoing proposition are cases where a mandatory instruction was given or where the facts and conditions detailed were so different that they shed no light on the precise question involved.

The appellant complains of instruction number seven because the word "business" is omitted from what purports to be a copy of § 47-516, Burns' 1933, § 11169, Baldwin's 1934. This objection was not raised in the lower court and is not available

here. Rule 1-7. Appellant also claims that this statute was repealed by implication by Acts 1939, ch. 48, p. 289, § 47-1801, Burns' 1940 Replacement, § 11189-11, Baldwin's Supp. 1939. However, the instruction given was as favorable to the appellant as she was entitled to have, and no prejudice or harm has been or could be pointed out in appellant's brief. We need not decide whether or not the statute was repealed by implication.

By proposition, instruction number eight is challenged on the ground that "proximate cause" is incorrectly defined in the instruction. The objections below were: 1. That the instruction was misleading. 2. That it did not go far enough. 3. That it is in conflict with instruction number six tendered by the defendant. The proposition made here is therefore not based on or in conformity with any objection made below and is not available. Rule 1-7.

Moreover, the appellant used the same language in its instruction number seven, and if the language used to define proximate cause was erroneous, it was invited. *Coca Cola Bot. Wks. of Evansville* v. *Williams* (1942), 111 Ind. App. 502, 37 N. E. (2d) 702.

We must consider the instructions as a whole, and since, when so considered, they fairly informed the jury of the rights and duties of the parties to this action, they are sufficient. *Southern Ind. Gas & Electric Co.* v. *Storment* (1934), 206 Ind. 25, 188 N. E. 313.

In *Mishler* v. *Chicago, etc., R. Co.* (1919), 188 Ind. 189, 195, 122 N. E. 657, 659, this court said:

"The verbal niceties and fine distinctions which analytical minds are capable of making in the use of words are not to be invoked to hamper trial

courts, and to work reversals in this court, when it is plain that a man of ordinary understanding would not be misled."

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 51 N. E. (2d) 10.