CAROL CHILDS ET AL. *v.* MURIEL BLESSO ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 3—decided July 16, 1969

*John F. Scully,* with whom, on the brief, was *David T. Ryan,* for the appellants (defendants).

*John A. Spector,* with whom, on the brief, was *David E. Kamins,* for the appellees (plaintiffs).

THIM, J. Carol Childs, a minor, was injured when an automobile driven by the defendant Mrs. Muriel Blesso ran over her foot. Carol and her mother brought a negligence action against Mrs. Blesso and the Blesso Plumbing and Heating Company, the owner of the car which Mrs. Blesso was driving. The defendants pleaded contributory negligence as their sole special defense. After the case had been tried to a jury, verdicts were rendered in favor of the plaintiffs. The defendants have appealed, claiming that the trial court erred in charging the jury

on the doctrine of last clear chance and by not allowing them to question each prospective juror outside of the presence of the other prospective jurors.

The parties claim to have proved the following facts: Carol Childs attended the kindergarten class at St. Michael's school, which is on Clark Street in Hartford. On May 29, 1963, at about 12:30 p.m., Carol was skipping down the center of the school driveway. She saw the defendants' vehicle approaching and tried to stop at the juncture of the sidewalk and the driveway ramp. It was raining at the time. Instead of stopping, however, Carol slipped and fell on the driveway ramp with her left foot extended about one foot into the street. The driveway to St. Michael's school is eighteen feet wide and on the north adjoins another driveway appurtenant to the neighboring house. A sloping ramp thirty-five feet wide leads to both of these driveways. At the time that Carol fell and extended her foot into the street, the defendants' car was at the farthermost part of the driveway which adjoins the school driveway. When Carol fell, Mrs. Blesso was taking her daughter to St. Michael's school and was driving at a slow rate of speed. Mrs. Blesso did not see Carol fall, but her view may have been partially obstructed owing to shrubbery which was on the northerly side of the school driveway. There was a time interval of two to five seconds between the time that Carol's foot extended into the street and the time of the accident. The plaintiffs also claimed to have proved that during this interval, two bystanders shouted to Mrs. Blesso to warn her that Carol was in the path of her vehicle and that despite these warnings, the defendants' car ran over Carol's foot, and Mrs. Blesso did not turn the car to the left in order to avoid the accident.

The defendants assert in their claims of proof that Mrs. Blesso saw Carol fall and that, thereupon, she immediately stopped the car. It is the defendants' claim that Carol's fall and the accident happened almost instantly.

There are four elements to the doctrine of last clear chance: (1) The injured party, by his own negligence, has already come into a position of peril; (2) the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that the party in peril either reasonably cannot escape from it or apparently will not avail himself of opportunities open to him for doing so; (3) the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) he fails to exercise such care. *Intelisano* v. *Greenwell,* 155 Conn. 436, 444, 232 A.2d 490; *Middletown Trust Co.* v. *Armour & Co.,* 122 Conn. 615, 617, 618, 191 A. 532; *Correnti* v. *Catino,* 115 Conn. 213, 217, 160 A. 892; *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 A. 901.

The doctrine of last clear chance does not apply in a case unless there is a reasonable basis for finding that the plaintiff was negligent. *Vignone* v. *Pierce & Norton Co.,* 130 Conn. 309, 316, 317, 33 A.2d 427. Once the evidence in the present case disclosed a reasonable basis for finding that the named plaintiff was negligent in one or more of the ways alleged in the special defense, it was the plaintiffs' burden to prove any additional facts essential to the applicability of the doctrine of last clear chance. Ibid.; *Correnti* v. *Catino,* supra, 216. Moreover, the trial court should not charge the jury on the doctrine of last clear chance unless there would be a reasonable basis for finding each and all of the constituent

elements of last clear chance. *Germon* v. *Noe,* 129 Conn. 333, 336, 27 A.2d 378; *Rix* v. *Stone,* 115 Conn. 658, 663, 163 A. 258; *Correnti* v. *Catino,* supra.

Upon the claims of proof in this case, the trial court was correct in charging the jury on the doctrine of last clear chance. Carol entered into the position of peril when her foot was extended into the street in the path of the defendants' approaching vehicle. The jury could have reasonably believed that Mrs. Blesso saw, or in the exercise of due care should have seen, Carol enter into the position of peril. Moreover, the jury could have reasonably found that Mrs. Blesso's car was about twenty-six feet from Carol when she fell; that the car was traveling at a slow rate of speed; and that two to five seconds intervened between the time of Carol's fall and the time of the accident. Considering the time, distance and speed, it would be a permissible inference that Mrs. Blesso could have, by the exercise of reasonable care, avoided the accident by turning her car to the left by one or two feet. This she did not do. All of the evidence in conjunction with such inferences as could have been drawn affords a reasonable basis for finding each of the elements of the doctrine of last clear chance. The trial court was therefore correct in charging the jury on the doctrine.

The defendants claim that the trial court committed error by not permitting them to question each prospective juror at the voir dire without the others being present in the jury box. There is no merit to this claim.

Over the defendants' objection, the trial court ruled that the jury was to be selected in the following manner. Twelve prospective jurors were selected by lot and put into the jury box. There-

after, the attorneys addressed their questions either to the group or to individual jurors. The court told the jurors that if they were embarrassed by any particular question, they could answer it in the absence of the other jurors. After the interrogation of the jurors, the group withdrew, and the attorneys were allowed to exercise their challenges.

The trial court is vested with wide discretion in conducting the examination of jurors. *State* v. *Higgs,* 143 Conn. 138, 142, 120 A.2d 152; *Duffy* v. *Carroll,* 137 Conn. 51, 57, 75 A.2d 33; *Sherman* v. *William M. Ryan & Sons, Inc.,* 126 Conn. 574, 578, 13 A.2d 134. There is no reversible error in the court's exercise of its discretion unless it has been clearly abused or one of the parties has been prejudiced. *State* v. *Higgs,* supra; *Sherman* v. *William M. Ryan & Sons, Inc.,* supra.

The trial court did not abuse its legal discretion by conducting the selection of the jury in the manner in which it did. Section 51-240 of the General Statutes, which gives litigants the right to question each juror individually, was not violated by the court since the defendants were allowed to direct their questions to individual jurors. Furthermore, there has been no showing that the defendants were prejudiced by the twelve jurors being present in the jury box during the voir dire.

The defendants claim error in the portion of the court's charge to the jury which referred to the doctrine of last clear chance as a humanitarian one. Although some authorities have referred to last clear chance as the "humanitarian doctrine," it is an expression which should not be used in a charge to the jury because it could easily mislead the jury and have a prejudicial effect upon a defendant's case. The defendants did not, however, except to

the use of this terminology at the conclusion of the court's charge, and, for that reason, we shall not consider this claim on appeal. Practice Book § 652.

There is no error.

In this opinion the other judges concurred.