STATE OF CONNECTICUT *v.* PATRICIA ANTHONY

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued October 12—decision released December 28, 1976

*John R. Williams,* for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

HOUSE, C. J. The defendant was found guilty by a jury of twelve of violating § 19-481 (a) of the General Statutes by having in her possession or under her control a quantity of a narcotic drug—heroin. Although on this appeal she assigned and briefed several claims of error, at argument all but one of the assignments of error were abandoned. The only claim of error pressed is that the court erred in imposing an arbitrary time limit on the defendant's voir dire examination of prospective jurors, without regard to the questions asked or the answers given.

At the commencement of the voir dire examination, a panel of veniremen was summoned to the courtroom where counsel were permitted to identify themselves and their associates, identify the type of case to be tried, and mention the names of possible witnesses. Fourteen members of the panel were then selected by lot and seated in the jury box and the remainder of the panel returned to the jury assembly room. The court then addressed some general inquiries to the members of the panel and informed them that counsel would address questions to them. It informed them that if a venireman preferred to answer any of the questions in the absence of the others that venireman should remain in the jury box when the panel was excused, and he would then have the opportunity to give any further information he wished.

We have held that such a procedure in conducting the selection of a jury is a permissible one so long as counsel are allowed to direct their questions to individual prospective jurors and there is no showing of any prejudice by having other veniremen present in the jury box during the voir dire. *Childs* v. *Blesso,* 158 Conn. 389, 394, 260 A.2d 582. The court, however, then imposed a fixed time limitation of one hour on the defendant's voir dire examination of the fourteen veniremen. The same procedure was followed with a second panel of veniremen, the time limit being fixed at one hour. When a third panel was necessary to complete the jury, the same procedure was again followed and a time limit of forty-five minutes set by the court. As a result of the time limitations fixed by the court, defense counsel was forced to terminate his voir dire examination before he was ready to do so. The defendant duly excepted to the fixed time limitations as an

arbitrary exercise of the court's discretion and, as noted, relied on this claim of error as the sole ground for decision on the merits of this appeal.

The right to a voir dire examination of each prospective juror in any civil or criminal case is provided by § 51-240[1] of the General Statutes. Since the present case was tried, the right has been established as a constitutional one by the inclusion in article IV of the amendments to the state constitution the provision that "[t]he right to question each juror individually by counsel shall be inviolate."

As this court stated in *Childs* v. *Blesso,* supra, 394: "The trial court is vested with wide discretion in conducting the examination of jurors. *State* v. *Higgs,* 143 Conn. 138, 142, 120 A.2d 152; *Duffy* v. *Carroll,* 137 Conn. 51, 57, 75 A.2d 33; *Sherman* v. *William M. Ryan & Sons, Inc.,* 126 Conn. 574, 578, 13 A.2d 134. There is no reversible error in the court's exercise of its discretion unless it has been clearly abused or one of the parties has been prejudiced. *State* v. *Higgs,* supra; *Sherman* v. *William M. Ryan & Sons, Inc.,* supra." See also *Robinson* v. *Faulkner,* 163 Conn. 365, 374, 306 A.2d 857.

The purpose of the voir dire examination is twofold. "First, it provides information upon which the

---

[1] "[General Statutes] Sec. 51-240. EXAMINATIONS OF JURORS AS TO QUALIFICATIONS. In any civil or criminal action tried before a jury, either party shall have the right to examine, personally or by his counsel, each juror as to his qualifications to sit as a juror in such action, or as to his interest, if any, in the subject matter of such action, or as to his relations with the parties thereto; and, if the judge before whom such examination is held is of the opinion from such examination that any juror would be unable to render a fair and impartial verdict, such juror shall be excused by the judge from any further service upon the panel, or in such action, as such judge determines. The right of such examination shall not be abridged by requiring questions to be put to any juror in writing and submitted in advance of the commencement of said action."

presiding judge may decide which of the prospective jurors, if any, he should excuse for cause. Secondly, it informs counsel as to matters which may influence them in the exercise of their right to peremptory challenges." *Duffy* v. *Carroll,* supra, 56. In view of the diversity of types of cases which are submitted to juries and the impossibility of establishing definite and fixed limitations on the inquiries permissible in all circumstances a broad discretion must be vested in the trial court which has the distinct advantage of supervising the actual questioning as well as observing the reaction and responses of the veniremen to the questions propounded to them. It is for this reason that a ruling of the trial judge in the course of a voir dire examination is held to be reversible error only when the judge has clearly abused his discretion or harmful prejudice appears to have resulted. *Robinson* v. *Faulkner,* supra.

We have noted with concern increasing abuse of the voir dire process to the extent that in some instances it has taken longer to select a jury to try a case than to try the case itself. It appears that all too frequently counsel have engaged in wide-ranging interrogation of veniremen in a not too subtle attempt to influence the ultimate decision of a venireman if he should be selected for service or to ascertain the attitude of the venireman on an assumed state of facts.

In recent cases, we have had occasion to note the impropriety of such questioning. As we repeated in *State* v. *Clark,* 164 Conn. 224, 226, 319 A.2d 398, " 'hypothetical questions intended to elicit from a juryman in advance what his decision will be under a certain state of the evidence or upon a certain state of facts should not be permitted by the trial

court. A party has no right to assume the facts of a case about to go on trial, and ascertain a juror's opinion in advance.' See Busch, Law and Tactics in Jury Trials, § 82. Neither is a juror's knowledge or ignorance concerning questions of law a proper subject of inquiry. These are concerned with matters which the juror is bound to take from the court." See also *State* v. *Mendill,* 141 Conn. 360, 362, 106 A.2d 178.

As we also indicated in *Duffy* v. *Carroll,* supra, 57: "[P]articularly in view of the existing congestion of the courts' jury dockets and the apparently increasing resort by counsel to examinations on the voir dire, it is important that the trial courts, in the exercise of their discretion, be punctilious in restricting counsel's inquiries to questions which are pertinent and proper for testing the capacity and competency of the juror; *State* v. *Cross,* 72 Conn. 722, 730, 46 A. 148; and which are neither designed nor likely to plant prejudicial matter in his mind. *Marmon Motor Car Co.* v. *Schafer,* 93 Ind. App. 588, 590, 178 N.E. 863; 31 Am. Jur. 637. The court should also be careful promptly to cut short any line of inquiry by counsel which it has reason to believe is of a dilatory nature." "Both court and counsel should be alert to a duty to avoid a perversion of the privilege accorded to litigants by § 51-240 of the General Statutes." *State* v. *Van Valkenburg,* 160 Conn. 171, 173, 276 A.2d 888.

Despite the broad discretion vested in the trial court and the concern which we have expressed about the amount of time frequently consumed in the selection of juries, we must nevertheless conclude that the ruling of the trial court in this instance was an arbitrary one. The fixed time limitations imposed by the court were set without regard

to the variable latitude which may be reasonably necessary to accomplish fairly the purposes of the voir dire and with no apparent regard for the time which might reasonably be required in the particular circumstances for the proper questioning of veniremen in a criminal case. Error is not ground for a new trial unless it is shown to be prejudicial. In the circumstances of the present case, because of the arbitrary time limitations set for the voir dire examination, it is impossible for the defendant to show that he could have discovered facts or prejudices on the part of individual veniremen which would have justified challenges for cause. We cannot conclude that the arbitrary time limitations cutting off voir dire examination while counsel still had questions unasked were not harmfully prejudicial.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.