STATE OF CONNECTICUT *v.* JASPER ROBERSON

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 4—decision released May 17, 1977

*John R. Williams,* special public defender, for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

PER CURIAM. The defendant was charged with two counts of robbery with violence in violation of § 53-14 of the General Statutes. After a motion to sever the two counts, the defendant received two trials before different judges and juries. He was found guilty on both counts. He appealed from the judgment rendered in each case. As the appeals involve different and unrelated issues, we have decided to treat the appeals in separate opinions. This opinion concerns the appeal from the judgment on the first count in which thirteen assignments of error were originally filed. Although six issues were ultimately briefed, the resolution of one makes unnecessary any discussion of the others.

At the trial, the court ordered that counsel direct their voir dire examinations of prospective jurors to a panel of fourteen veniremen to be seated in

the jury box and gave the defendant a time limitation of one hour to question the panel. The defendant took exception and argued that the effect of that procedure was to force him to examine the veniremen collectively rather than individually, and to limit his examination without regard to responses that might be given by any of the veniremen. He contends that the imposition of the fixed time limitation was arbitrary and improper.

The issue as framed by the appeal and briefed and argued by both the defendant and the state was limited solely to whether error was committed by the arbitrary time limit imposed by the court for voir dire. We are therefore confining this opinion to that issue as framed and briefed by the parties. The right to a voir dire examination of each prospective juror in any civil or criminal case is authorized by both § 51-240[1] of the General Statutes and article IV of the amendments to the state constitution.[2] While the trial court is vested with wide discretion in conducting the examination of jurors,

---

[1] "[General Statutes] Sec. 51-240. EXAMINATIONS OF JURORS AS TO QUALIFICATIONS. In any civil or criminal action tried before a jury, either party shall have the right to examine, personally or by his counsel, each juror as to his qualifications to sit as a juror in such action, or as to his interest, if any, in the subject matter of such action, or as to his relations with the parties thereto; and, if the judge before whom such examination is held is of the opinion from such examination that any juror would be unable to render a fair and impartial verdict, such juror shall be excused by the judge from any further service upon the panel, or in such action, as such judge determines. The right of such examination shall not be abridged by requiring questions to be put to any juror in writing and submitted in advance of the commencement of said action."

[2] Article IV, amendments to the constitution of Connecticut, provides, in part: "In all civil and criminal actions tried by a jury, the parties shall have the right to challenge jurors peremptorily, the number of such challenges to be established by law. The right to question each juror individually by counsel shall be inviolate."

and while no reversible error will be found in the court's exercise of that discretion unless clearly abused; *State* v. *Higgs,* 143 Conn. 138, 142, 120 A.2d 152; this court, in *State* v. *Anthony,* 172 Conn. 172, 374 A.2d 156, held that the imposition of such a fixed time limitation was arbitrary and constituted reversible error. In that case, where a similar fixed time limitation was imposed, the court noted (p. 176): "The fixed time limitations imposed by the court were set without regard to the variable latitude which may be reasonably necessary to accomplish fairly the purposes of the voir dire and with no apparent regard for the time which might reasonably be required in the particular circumstances for the proper questioning of veniremen in a criminal case. . . . [B]ecause of the arbitrary time limitations set for the voir dire examination, it is impossible for the defendant to show that he could have discovered facts or prejudices on the part of individual veniremen which would have justified challenges for cause."

There is error, the judgment is set aside and the case remanded for a new trial.