STATE OF CONNECTICUT *v.* LESLIE L. LEWIS
(9458)

O'CONNELL, LAVERY and WAGNER, Js.

Argued September 25, 1991—decision released February 4, 1992

*Francis T. Mandanici,* assistant public defender, with whom, on the brief, were *Daniel E. Dilzer, Robert E. Luysterborghs* and *Laura E. Savage,* certified legal interns, for the appellant (defendant).

*Susan C. Marks,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *David Gold,* assistant state's attorney, for the appellee (state).

WAGNER, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) and unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a).

The defendant claims that the trial court abused its discretion (1) in refusing to permit the defendant to

present his anticipated defense to the jury panels prior to voir dire, (2) in refusing to permit defense counsel to ask prospective jurors to describe themselves in one word, (3) in refusing to disclose the psychiatric records of the victim after in camera review, and (4) in limiting certain testimony of a police officer. We affirm the judgment of the trial court.

The jury could have reasonably found the following facts. On September 23, 1989, the defendant and victim were cellmates while incarcerated at the Manson Youth Institute in Cheshire. On that date, the defendant held a razor to the victim, threatened to hurt him if he moved, and sexually assaulted him.

I

The defendant's first claim involves a ruling of the trial court prohibiting the defendant (1) from informing a jury panel, in his preliminary statement, that homosexuality was a primary issue in the case and that his defense was "consent" and (2) from subsequently informing the panelists during voir dire that his defense would be consent. This ruling was made after four jurors had been selected and the first panel exhausted, but before the proceedings involving the second and third panels. Defense counsel had referred to the homosexuality issue and the defense of consent in his opening statement to the first panel. In its ruling, however, the court indicated that the defendant could ask prospective jurors whether they would be biased if the defendant was a homosexual.

The defendant claims that this ruling violated his rights under various constitutional provisions and the rules of practice, particularly where the assistant state's attorney was permitted to make an opening statement to the panel referring to the criminal charges and mentioning that the defendant and the victim were

cellmates, and where the court had read a long form information and referred to the sexual assault count as "rape."

Preliminary statements by counsel to a jury panel are limited to the "names of other counsel . . . prospective witnesses and other relevant facts." Practice Book § 847. The trial court is vested with broad discretion with respect to the selection of jurors and arguments of counsel; its exercise of discretion will not be disturbed on appeal unless it has been clearly exceeded or abused, or a party has been prejudiced. *State* v. *Anthony,* 172 Conn. 172, 174, 374 A.2d 156 (1976); cf. *State* v. *Ridley,* 7 Conn. App. 503, 506, 509 A.2d 546, cert. denied, 201 Conn. 803, 513 A.2d 698 (1986). The trial court did not abuse its discretion in prohibiting defense counsel from referring in his preliminary statement to the issue of homosexuality or his anticipated defense of consent, or from referring to the defense of consent in his voir dire examination. Further, we fail to see how the defendant was prejudiced by the court's ruling. See *State* v. *Anthony,* supra, 175.

## II

The defendant further claims that the trial court abused its discretion when it barred defense counsel from asking each venireperson to describe himself or herself in "one word." The defendant argues that in a case involving an issue of homosexuality, which may arouse deep-seated prejudice, such a question was an effective and, for him, necessary method of ascertaining such prejudice.

Although this claim was not made at trial in this exact form, we address it here because the defendant did sufficiently raise the issue of defense counsel's desire to inquire into possible bias on the part of the potential jurors to permit appellate review. *State* v. *Dabkowski,* 199 Conn. 193, 198, 506 A.2d 118 (1986). Undoubtedly,

a party may question a prospective juror for the purpose of ascertaining bias or predisposition, but the questions must be pertinent and proper and the trial court has some control over the character and extent of such questions. *State* v. *Couture,* 218 Conn. 309, 317–19, 589 A.2d 343 (1991); *State* v. *Cross,* 72 Conn. 722, 730, 46 A. 148 (1900); see also *Duffy* v. *Carroll,* 137 Conn. 51, 75 A.2d 33 (1950). We conclude, moreover, that the defendant was not prejudiced by his inability to propound *that particular inquiry* because the trial court properly allowed his questions to prospective jurors that either explicitly related to or directly probed the issue of possible bias against homosexuals. *State* v. *Pollitt,* 205 Conn. 61, 73–75, 530 A.2d 155 (1987); *State* v. *Marsh,* 168 Conn. 520, 521–28, 362 A.2d 523 (1975); *State* v. *Higgs,* 143 Conn. 138, 142, 120 A.2d 152 (1956).

## III

The defendant next challenges the trial court's refusal to disclose the victim's psychiatric records after an in camera review. See generally *State* v. *D'Ambrosio,* 212 Conn. 50, 58–59, 561 A.2d 422 (1989), cert. denied, 493 U.S. 1063, 110 S. Ct. 880, 107 L. Ed. 2d 963 (1990). "Once the trial court has made its [in camera] inspection, the court's determination of a defendant's access to the witness' records lies in the court's sound discretion, which we will not disturb [in the absence of an abuse of that discretion]." Id. Our review of the records in question, which were properly sealed and preserved for appellate review, discloses nothing therein to be exculpatory in nature or relevant to the victim's credibility, including any references to sexual fantasies or homosexual tendencies. See *In re Christopher G.,* 20 Conn. App. 101, 108–12, 564 A.2d 619 (1989), cert. denied, 213 Conn. 814, 569 A.2d 549 (1990); see also id., 112–14 (*O'Connell, J.,* dissenting). The trial court therefore did not abuse its discretion in refusing to release the records to the defendant.

## IV

Finally, the defendant claims that the trial court improperly excluded certain testimony of a police officer. In an offer of proof, out of the presence of the jury, the officer testified regarding (1) the victim's alleged association with homosexuals, (2) the officer's opinion of the victim's veracity in matters related to sexual assault, (3) a prior complaint made by the victim to the police in an unrelated criminal incident that had been processed in a warrant application but subsequently refused by a prosecutor, and (4) the officer's opinion as to the victim's reputation in the community. Before the jury, however, the officer was permitted to testify only that, in his opinion, the victim was not truthful in general.

A witness may be impeached by evidence of specific acts of misconduct that relate to veracity, but not by those that merely illustrate general bad behavior. *Demers* v. *State,* 209 Conn. 143, 156, 547 A.2d 28 (1988); *Vogel* v. *Sylvester,* 148 Conn. 666, 676, 174 A.2d 122 (1961). A court has wide discretion, however, to exclude such evidence if it has only slight relevance due to its remoteness in time, its minimal bearing on credibility, or its tendency to inject a collateral issue into the trial. *State* v. *James,* 211 Conn. 555, 572, 560 A.2d 426 (1989); *Vogel* v. *Sylvester,* supra; *State* v. *Jones,* 22 Conn. App. 665, 668, 578 A.2d 667 (1990). Likewise, the veracity of a witness may be attacked either by evidence of the witness' general reputation in the community for veracity or by opinion evidence of those who have had an opportunity to form, and who have formed, an opinion as to the character of the witness with respect to truth and veracity. *State* v. *Pettersen,* 17 Conn. App. 174, 181, 551 A.2d 763 (1988); see also C. Tait & J. LaPlante, Connecticut Evidence §§ 7.22.2 and 7.23.

We conclude that the court acted well within its discretion when it excluded the proposed testimony. Testimony regarding a person's association with known homosexuals is not probative of his veracity or of his homosexuality. Since the officer was permitted to give his opinion as to the victim's veracity in general, little value would be added if that opinion was narrowed to the victim's veracity regarding sexual assault matters. In addition, no logical nexus exists between a prior unrelated complaint by the victim that failed to ripen into a signed warrant and the issue of the victim's veracity. Finally, in view of the police officer's testimony that he had no personal knowledge of the victim's reputation in the community, there was no basis for admitting his opinion as to such reputation. *State v. Jones,* supra; *State v. Pettersen,* supra.

The judgment is affirmed.

In this opinion the other judges concurred.