[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT
The plaintiff, Dr. Martin Ross, filed suit against the defendants, Banu Malekzadeh and her son Jouseff Malekzadeh, for medical services he rendered to Banu from November 27, 1992 to January 15, 1993. At the time of her surgery, Banu Malekzadeh was CT Page 5316-SSSS not actually on Medicaid, but was notified by Norwalk Hospital that she was an eligible recipient. Subsequently, Banu Malekzadeh filed an application for Medicaid on December 3, 1992 which was granted retroactively to November 1, 1992.
However, Dr. Ross does not accept Medicaid as a form of payment and has initiated this lawsuit to recover the balance of the bill, $4,190.00. In addition, Dr. Ross alleges that Banu Malekzadeh's son, Jouseff, promised to pay for the operation and has named him as a defendant. Thereafter, the defendants filed a motion for summary judgment.
"[The purpose of a] summary judgment procedure is [to] attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full dress trial." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 375, 260 A.2d 582 (1969). See alsoWilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitable,32 Conn. App. 765, 772, 630 A.2d 624, cert denied, 228 Conn. 908
(1993). The standard of review of a trial court's decision to grant a motion for summary judgment is well established by Practice Book § 384. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barrett v. Danbury Hospital, 232 Conn. 242, 250,654 A.2d 748 (1995).
A material issue "has been defined adequately and simply as a fact which will make a difference in the result of the case." Id., 379. "Summary judgment is to be denied where there exists a `genuine issue of fact . . . drawn from the evidence before the Court.'" (Internal citations omitted.) Id. "[The trial court's limited function is not to decide issues of material fact but rather only to determine whether any exist." Nolan v. Borowski,206 Conn. 495, 508 A.2d 1031 (1988).
Dr. Ross, in his affidavit, claims that prior to Banu Malekzadeh's surgery he had a conversation with her son, Jouseff Malekzadeh, about the costs of the operation. Dr. Ross claims that Jouseff made representations to his office that there was insurance available to pay for the surgery. However, the CT Page 5316-TTTT defendants deny ever making that statement to Dr. Ross. This constitutes a genuine issue of material fact because it is a fact "which will make a difference in the result of the case." UnitedOil Co. v. Urban Redevelopment Commission, supra 158 Conn. 379. Therefore, the defendants' motion for summary judgment is denied.
D'ANDREA, J.