STATE OF CONNECTICUT *v.* WAYNE JONES
(8369)

SPALLONE, DALY and O'CONNELL, Js.

Argued June 4—decision released August 21, 1990

*Erskine D. McIntosh,* assistant public defender, with whom, on the brief, was *William Holden,* public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Stephen Sedensky III,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals his conviction, after a trial to the court, of the crime of possessing narcotics with the intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). He claims that the court's refusal to allow him to cross-examine a state's witness about prior misconduct impermissibly restricted his constitutional right to confrontation. We disagree.

Before trial, the defendant subpoenaed the personnel files of the two Bridgeport police officers who had arrested him for possessing twenty-five packets of what later proved to be cocaine. The court denied a motion to quash the subpoena and ordered the personnel files to be produced and sealed. The defendant then sought access to all information in the files pertaining to disciplinary actions relevant to the issue of credibility.

In an in camera review, the court discovered that one officer's file contained information that in 1974, in violation of a departmental rule, the officer had failed to report that a person in his presence had apparently "injected himself with a substance." The officer admitted this lapse to a superior officer and was subsequently suspended for seven days. The court expressly found that, under the circumstances, this incident was remote, collateral and pertained to conduct that, while violative of a departmental regulation, did not affect the officer's credibility or honesty. Accordingly, the court ruled that the defendant could not use this information to cross-examine and impeach the officer.

On appeal, the defendant claims that the officer's prior conduct constituted the fraudulent concealment of a criminal act performed in his presence. The defendant argues that his constitutional right to confront witnesses against him required that he be permitted to question the officer about this misconduct that, according to the defendant, negatively reflected on the officer's credibility and veracity. This claim fails because we do not agree that the officer's prior misconduct, in these circumstances, is relevant evidence.

The confrontation clause guarantees a defendant a full and fair opportunity to cross-examine witnesses, but it does not guarantee the defense its every wish. *State* v. *Yednock,* 14 Conn. App. 333, 339, 541 A.2d 887 (1988). We do not question the right of a criminal defendant fully to cross-examine a police officer who testifies against him and to have available relevant information from police personnel files. See *State* v. *Januszewski,* 182 Conn. 142, 170–74, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1001 (1981). Our courts have never held, however, that irrelevant evidence should be disclosed or admitted. *State* v. *Perry,* 195 Conn. 505, 523, 488 A.2d 1256 (1985).

It is within the discretion of the trial court to determine the relevancy of evidence and to limit the scope of cross-examination. *State* v. *Vitale,* 197 Conn. 396, 401, 497 A.2d 956 (1985). Whether a particular act of misconduct logically indicates a lack of veracity is a question for the court. *Vogel* v. *Sylvester,* 148 Conn. 666, 675–76, 174 A.2d 122 (1961); *State* v. *Coriano,* 12 Conn. App. 196, 204, 530 A.2d 197, cert. denied, 205 Conn. 810, 532 A.2d 77 (1987). A particular act of misconduct should be excluded if it does not bear on the issue of veracity or if it is too remote in time to have probative value. *State* v. *Diorio,* 12 Conn. App. 74, 78, 529 A.2d 1320, cert. denied, 205 Conn. 813, 532 A.2d 587 (1987), cert. denied, 484 U.S. 1065, 108 S. Ct. 1025, 98 L. Ed. 2d 990 (1988). As in *State* v. *Perry,* supra, the mere fact that this police officer had violated a police regulation fourteen years earlier does not establish a lack of respect for the truth.

The defendant here had a full and fair opportunity to cross-examine the police officer about the events surrounding the arrest and other relevant matters. We will not interfere with the court's holding that the officer's previous violation of department regulations did not call his credibility into question and was too remote in time to have probative value. The court acted properly within its discretion to preclude the defendant's use of the incident on cross-examination.

The judgment is affirmed.

In this opinion the other judges concurred.