STATE OF CONNECTICUT *v.* ROBERT CALOVINE
(8007)

O'CONNELL, NORCOTT and FOTI, Js.

Argued May 10—decision released September 4, 1990

*Steven W. Varney,* special public defender, with whom, on the brief, was *Kathleen M. Zapata,* for the appellant (defendant).

*Susann E. Gill,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Richard Palombo,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals his conviction, after a jury trial, of the crimes of burglary in the third degree in violation of General Statutes §§ 53a-8 and 53a-103, interfering with an officer in violation of General Statutes § 53a-167a (a), reckless endangerment in the second degree in violation of General Statutes § 53a-64, larceny in the sixth degree in violation of General Statutes § 53a-125b, possession of narcotics in violation of General Statutes § 21a-279 (a) and possession of drug paraphernalia in violation of General Statutes § 21a-267 (a). The defendant claims that the trial court (1) should have granted his motion to suppress evidence seized during a warrantless search of his automobile, and (2) should have allowed the defendant access to a Bridgeport police department internal affairs report. We affirm the judgment of the trial court.

At about 3 p.m. on June 24, 1988, Officer Paul Wargo of the Bridgeport police department was preparing to go to work when a strange noise attracted his attention to a car parked in front of his house. He saw one of the car's two occupants, the passenger, leave the car and enter Wargo's next door neighbor's house. Wargo knew that his neighbor would normally be at work at that hour. Dressed in his blue police uniform trousers and a tee shirt, Wargo took his badge and pistol and went to the street to investigate. As he approached the car from the rear, he observed that the license plate was covered and that two television sets, one of which he thought he recognized as belonging to his neighbor, were on the back seat.

At that point, the passenger came out of the neighbor's house carrying a stereo receiver and a barometer, which he started to hand through the open passenger window. In response to Wargo's request for an explanation, the man told him to mind his own business and ran away. Wargo then reached through the open pas-

senger window, identified himself as a police officer and grabbed the defendant by his shoulder. At the same time he pulled his gun from his pocket and told the defendant that he was under arrest. The defendant responded by putting the car in gear and starting off down the street. This caused Wargo, who had leaned through the window, to fall halfway into the car.

As he drove down the street with Wargo hanging out of the passenger window, the defendant began searching for something under his thigh. Wargo, fearing that the defendant was reaching for a weapon, shot the defendant once in the waist area, causing him to slam on the brakes. Unharmed, Wargo was thrown from the car. He then yanked the defendant from the vehicle and held him face down on the ground until other officers arrived and handcuffed him.

Wargo found a fully loaded syringe under the defendant when he rolled him over to inspect for wounds. The defendant refused to identify himself, so Wargo entered the car to look for its registration and found another syringe on the floor. The court denied the defendant's motion to suppress all evidence seized from his automobile.

I

In his first claim, the defendant argues that the discovery of the single syringe did not provide the officer with probable cause to search the motor vehicle. We do not agree.

In denying the defendant's motion to suppress, the trial court properly relied on two exceptions to the fourth amendment search warrant requirement. First, a search can be justified as incident to a lawful custodial arrest; *New York* v. *Belton,* 453 U.S. 454, 460, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981); and second, a warrant is not required where there is probable cause to

believe that a motor vehicle contains evidence pertaining to a crime. *United States* v. *Ross,* 456 U.S. 798, 823, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982).

Both exceptions apply in the present case. " ' " ' 'Probable cause exists when the facts and circumstances within the knowledge of the officer . . . are sufficient in themselves to warrant a man of reasonable caution to believe that a felony has been committed.' " ' " *State* v. *Dennis,* 189 Conn. 429, 431, 456 A.2d 333 (1983). Here, Wargo reasonably believed that his neighbor's home was being burglarized and that stolen items were being placed in the defendant's car. Thus, Wargo had probable cause to effect a warrantless arrest[1] and to search the car incident to this lawful arrest.

Additionally, Wargo saw what he reasonably believed to be stolen property being put into the car. This observation gave him probable cause to search the car, since he believed it contained evidence pertaining to a crime. See *United States* v. *Ross,* supra. A warrantless search is lawful if " ' "(1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity or will assist in a particular apprehension or conviction . . . *and* (2) there is probable cause to believe that the items sought to be seized will be found in the place to be searched." ' " (Emphasis in original.) *State* v. *Badgett,* 200 Conn. 412, 429, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986), quoting *State* v. *Delmonaco,* 194 Conn. 331, 337, 481 A.2d 40, cert. denied, 469 U.S. 1036, 105 S. Ct. 511, 83 L. Ed. 2d 401 (1984). Both prongs of this test are clearly met here.

---

[1] Wargo, as a member of the Bridgeport police department, is authorized to arrest any person he has reasonable grounds to believe is committing a felony in his jurisdiction. See General Statutes § 54-1f.

The defendant next argues that a search warrant was required because the defendant was shot in the waist, handcuffed behind his back and lying face down on the sidewalk awaiting an ambulance. We disagree. A car may be searched even if the defendant is removed from the vehicle and handcuffed. *State* v. *Hull,* 210 Conn. 481, 497, 556 A.2d 154 (1989). A warrantless search of the passenger compartment of a motor vehicle is permissible prior to the defendant's removal from the scene. See *State* v. *Badgett,* supra. The right to search the car does not terminate until the defendant physically departs from the scene. Id., 426.

The defendant disingenuously contends that the bullet in his body amounted to his constructive departure from the scene. We do not agree, and the defendant cites no authority for this novel proposition. If the defendant is out of the vehicle and immobilized, the car can be searched. It makes no difference how the immobilization came about, from handcuffs, bullet or both. The trial court properly concluded that Wargo's search of the defendant's automobile passed constitutional muster.

## II

The second claim raised by the defendant is that the trial court wrongly quashed his subpoena for an internal affairs police report. The report detailed a routine internal police investigation into a shooting incident involving Wargo, which occurred several months after the defendant's arrest in this case. The defendant argues that without this document, he was unable to attack Wargo's credibility effectively. The record does not support this argument.

In *State* v. *Januszewski,* 182 Conn. 142, 172, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981), our Supreme Court held that

"[n]o criminal defendant has the right to conduct a general 'fishing expedition' into the personnel records of a police officer. Any request for information that does not directly relate to legitimate issues that may arise in the course of the criminal prosecution ought to be denied." The trial court allowed the defendant access to all relevant information concerning his arrest and shooting. See *State* v. *Jones,* 22 Conn. App. 665, 667–68, 578 A.2d 667 (1990) (defendant's rights are protected when he is allowed access to all relevant information).

The trial court also conducted an in camera review of the report and determined that the information contained therein addressed a collateral matter. In *State* v. *Januszewski,* supra, 172–73, the court concluded that a defendant's rights are safeguarded when a trial judge conducts an in camera inspection of a report to determine the material relevancy of the information to the prosecution. In the present case the court did not abuse its discretion when it denied the defendant access to the report. *State* v. *Jones,* supra.

The judgment is affirmed.

In this opinion the other judges concurred.