## STATE OF CONNECTICUT *v.* DAVID FARR
## (9431)

SPALLONE, LANDAU and HEIMAN, Js.

Submitted on briefs January 10—decision released March 19, 1991

*Mark S. Solak,* state's attorney, *Timothy J. Sugrue,* assistant state's attorney, and *Roger Caridad,* deputy assistant state's attorney, filed a brief for the appellant (state).

*Arthur P. Meisler* filed a brief for the appellee (defendant).

SPALLONE, J. The state of Connecticut appeals from the judgment of the trial court dismissing an information against the defendant after that court granted the

defendant's motion to suppress evidence seized from
his vehicle at the time of his arrest. On appeal, the state
claims that the trial court improperly ruled that the
warrantless search of the defendant's closed and locked
glove compartment was not constitutionally permissi-
ble as a search incident to the arrest of the defendant.
We agree with the state and reverse the judgment of
the trial court.

The facts relevant to this claim are as follows. On
March 2, 1990, at approximately 12:30 a.m., Williman-
tic police officers Michael Cancellaro and Kenneth
Buchanan, while patrolling in a marked car, observed
a 1985 Volvo proceed through a red traffic light. As
the officers turned their vehicle to give chase, the Volvo
accelerated in the opposite direction, resulting in a high
speed chase during which the Volvo ran three more red
traffic lights and illegally passed four other vehicles.

After the Volvo came to a halt, Buchanan saw the
defendant remove the keys from the ignition, reach
over and lock the glove compartment and then return
the keys to the ignition. Upon approaching the vehi-
cle, Cancellaro requested the defendant to produce his
motor vehicle documents. Cancellaro detected a strong
odor of alcohol on the defendant's breath and observed
that the defendant exhibited slurred speech, glassy,
darting eyes and had difficulty with his motor skills.
The defendant was ordered to exit the vehicle and, after
he failed several field sobriety tests that were admin-
istered by Cancellaro, he was arrested for driving under
the influence of intoxicating liquor. The defendant was
then handcuffed and placed in the backseat of the patrol
car.

While in the process of arresting the defendant, Can-
cellaro directed other officers at the scene to search
the defendant's car for any evidence of drunken driv-
ing. Buchanan and Officer Joseph Yarchak searched

the passenger area of the vehicle including the glove compartment which they opened with the defendant's key. The officers discovered and seized approximately four ounces of marihuana from inside the glove compartment. The patrol car, with the defendant inside, remained at the scene of the arrest during the search of the Volvo and the discovery of the marihuana.

At the suppression hearing, the state maintained that the defendant was lawfully arrested and that the search of the vehicle was permissible as a search incident to that arrest. The defendant did not challenge the legality of the arrest, but maintained that because he was handcuffed and in the back of a patrol car when the search was conducted, thus "away from the scene," the search was not a permissible search incident to his arrest. The trial court concluded that the search of the defendant's glove compartment was not proper because "the defendant was under arrest, handcuffed, and held in the back of the police cruiser when the search was undertaken."

Under both the federal and state constitutions, a warrantless search is per se unreasonable, subject to well defined exceptions. *State* v. *Januszewski,* 182 Conn. 142, 151-52, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981). One such exception is the search of an automobile as incident to a lawful custodial arrest. *New York* v. *Belton,* 453 U.S. 454, 460, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981); *State* v. *Delossantos,* 211 Conn. 258, 263-66, 559 A.2d 164, cert. denied, 493 U.S. 866, 110 S. Ct. 188, 107 L. Ed. 2d 142 (1989); *State* v. *Quinones,* 21 Conn. App. 506, 510, 574 A.2d 1308 (1990).

In *New York* v. *Belton,* supra, the United States Supreme Court held "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that

arrest, search the passenger compartment of that automobile." The court recognized that searches incident to arrests have long been considered valid because of the need to remove any weapons that the arrestee might seek to use in resisting arrest or in effectuating an escape and the need to prevent the concealment or destruction of evidence. Similarly, our Supreme Court has stated that "when police make a lawful custodial arrest of an occupant of an automobile, and the arrestee is detained at the scene, police may contemporaneously search without a warrant the interior passenger compartment of the automobile." *State* v. *Delossantos, supra,* 266–67. The glove compartment of an automobile is within the permissible scope of a vehicle search made incident to an arrest. See *New York* v. *Belton, supra,* 460–61 n.4 (passenger compartment includes closed or open glove compartments); *State* v. *Delossantos, supra,* 267 (passenger compartment encompasses all space reachable without exiting the vehicle); *State* v. *Hull,* 210 Conn. 481, 556 A.2d 154 (1989). The validity of a vehicle search that is made incident to a lawful custodial arrest does not depend on the existence of probable cause to believe that the vehicle contains contraband or evidence of a crime. See, e.g., *New York* v. *Belton, supra,* 462 n.6; *State* v. *Delossantos, supra,* 267 n.4. The only probable cause required in a search incident to an arrest is probable cause to support the underlying arrest.

In reaching its conclusion, the trial court relied on our Supreme Court's decision in *State* v. *Badgett,* 200 Conn. 412, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986). In *Badgett,* the defendant had been stopped by the police for speeding. After the officer discovered that there were outstanding arrest warrants for the defendant, the defendant was arrested, handcuffed, and placed in a police vehicle. While a search of the defendant's auto-

mobile was under way, the officer left the scene with the defendant. Upon review, our Supreme Court held that, in a warrantless search of an automobile incident to a lawful arrest, "the right of a police officer to search the vehicle ceases the instant the arrestee departs the scene because the arrestee's removal forecloses any possibility that he could reach for an article within the vehicle." Id., 428. In that case, the Supreme Court further stated that a warrantless search of a vehicle incident to a lawful arrest is constitutionally permissible "while the arrestee remains at the scene of the arrest at the time the search is conducted." Id.

This issue was later addressed in *State* v. *Hull,* supra. In that case, the defendant was arrested for driving while intoxicated. After handcuffing the defendant and placing him in the back of a police vehicle, the officer returned to the defendant's truck and opened the *closed glove compartment.* In so doing, the officer found two knives that were later admitted into evidence in the defendant's trial for the murder of his wife. As to the defendant's claim that the search was impermissible, the court stated that "[t]he defendant mistakenly relies upon *State* v. *Badgett,* supra, to support his claim that the search of his truck was unrelated to his arrest and hence unconstitutional. Although we recognized in *Badgett* that a lawful arrest ceases to provide justification for the warrantless search of an automobile once the arrestee is taken from the scene of the arrest; id., 427–28; that limitation on *New York* v. *Belton* is inapplicable in this case. The search that took place here falls within the general rule of *New York* v. *Belton* that 'a lawful custodial arrest justifies a contemporaneous search of the entire passenger compartment of an automobile, whether or not the arrestee actually had control over the area.' *State* v. *Badgett,* supra, 425. The defendant concedes that he had not been removed from the scene of his lawful arrest at the time of the search

of his truck, and the search was, therefore, constitutionally valid as incident to a legal arrest." *State* v. *Badgett,* supra, 496–97.

It is clear, therefore, that the permissibility of a vehicle search made incident to a lawful custodial arrest is not defeated when the arrestee is removed from his vehicle, handcuffed and placed in a patrol car. *State* v. *Hull,* supra, 497; *State* v. *Calovine,* 23 Conn. App. 123, 127–28, 579 A.2d 126 (1990); *United States* v. *Karlin,* 852 F.2d 968, 970–71 (7th Cir. 1988), cert. denied, 489 U.S. 1021, 109 S. Ct. 1142, 103 L. Ed. 2d 202 (1989); *United States* v. *McCrady,* 774 F.2d 868, 870–71 (8th Cir. 1985); see also *State* v. *Delossantos,* supra, 261–62 (arrestee removed from car and handcuffed); *State* v. *Quinones,* supra, 510–11; *United States* v. *Cotton,* 751 F.2d 1146, 1148 (10th Cir. 1985).

The search of the defendant's glove compartment was proper as a search incident to a lawful arrest. Accordingly, the trial court improperly ruled that the search was unlawful.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to suppress and for further proceedings according to law.

In this opinion the other judges concurred.