## STATE OF CONNECTICUT *v.* BRUCE LLOYD
### (9371)

SPALLONE, LAVERY and LANDAU, Js.

Argued March 19—decision released May 28, 1991

*Kimball Haines Hunt,* with whom, on the brief, was *Heidi Cornish,* law student intern, for the appellant (defendant).

*Kevin T. Kane,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from his convictions, following conditional pleas of nolo contendere, of the crimes of possession of cocaine in violation of General Statutes § 21a-279 (a), larceny in the third degree in violation of General Statutes § 53a-124 (a) (2), and attempted larceny in the second degree in violation of General Statutes §§ 53a-49 and 53a-123 (a) (2).

The defendant claims that the trial court improperly refused to suppress (1) narcotics that were seized from his automobile after he had been arrested, handcuffed and placed in a police cruiser, and (2) evidence that was seized under a warrant that allegedly failed to describe with particularity the items to be seized. Both of the defendant's assertions are without merit.

On the morning of July 18, 1989, members of the New London police department, along with inspectors from the state's attorney's office, were armed with a warrant for the defendant's arrest and observed the defendant operating his automobile. The officers stopped the defendant's car, arrested him and placed him in a police cruiser. While the defendant was at the scene and seated in the cruiser, a police officer entered the passenger compartment of the defendant's car and found a plastic bottle containing cocaine on the floor by the front seat. Subsequently, the defendant filed a motion to suppress which the court denied after a hearing. The trial court correctly applied existing state and federal law in denying the defendant's motion to suppress the evidence seized during a warrantless search of the defendant's automobile while the defendant was still at the scene, although he was handcuffed and in the police cruiser. See, e.g., *New York* v. *Belton,* 453 U.S. 454, 460, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981);

*State* v. *Hull,* 210 Conn. 481, 496, 556 A.2d 154 (1989); *State* v. *Badgett,* 200 Conn. 412, 428, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986); *State* v. *Farr,* 24 Conn. App. 259, 264, 587 A.2d 1047 (1991).

In his second claim, the defendant argues that the trial court improperly failed to suppress evidence seized pursuant to a search warrant that he alleges is defective as to the particularity of the items to be seized.[1] This claim arises from a search conducted pursuant to a warrant of the defendant's office and boat. Our review of the warrant reveals a substantial basis for the trial court's ruling that the search warrant sufficiently described the property to be seized. See, e.g., *United States* v. *Bentley,* 825 F.2d 1104 (7th Cir. 1987); *United States* v. *Kail,* 804 F.2d 441 (8th Cir. 1986); *United States* v. *Sawyer,* 799 F.2d 1494 (11th Cir. 1986); *United States* v. *Hayes,* 794 F.2d 1348 (9th Cir. 1986); *State* v. *Ruscoe,* 212 Conn. 223, 563 A.2d 267 (1989), cert. denied, 493 U.S. 1084, 110 S. Ct. 1144, 107 L. Ed. 2d 1049 (1990).

In denying the defendant's motions to suppress, the trial court acted properly and in accordance with applicable law.

The judgments are affirmed.

In this opinion the other judges concurred.

---

[1] The defendant claims that the search warrant, pursuant to which his office was searched and certain records seized, was invalid on its face because it did not describe the property to be seized with sufficient particularity. There was no argument or evidence presented to the trial court concerning the execution of the warrant or the nature of the property or records seized.