[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas corpus action wherein the petitioner claims that his incarceration, as a result of a conviction of possession of cocaine with intent to sell by a non-drug-dependent person, in violation of Connecticut General Statutes Section 21a-278(b), is illegal in that his trial attorney rendered ineffective assistance in his defense to that charge.
On February 10, 1989, after a trial to the court, the petitioner was found guilty of possessing, in 1988 in Bridgeport, twenty-five "quarter bags" of cocaine with intent to sell. It is stipulated by the parties that no evidence of the petitioner's possible drug-dependency at the time of the offense was introduced at his trial. Instead, the petitioner's defense was that he had no connection whatsoever with the cocaine which was recovered at the scene. On July 10, 1989, the petitioner received a sentence of thirteen years, execution suspended after ten years, probation for five years with special conditions that he undergo psychiatric screening and treatment, if necessary and substance abuse screening and treatment, if necessary. The CT Page 3783 petitioner appealed from this conviction which was affirmed by the Appellate Court on August 21, 1990, State v. Jones,22 Conn. App. 665 (1990).
The only issue pursued at the habeas trial is the contention that the petitioner's defense attorney, former Assistant Public Defender Erskine McIntosh, rendered ineffective assistance to the petitioner by failing "to negate the issue of petitioner's status as a non-drug dependant [sic] person by not introducing evidence at trial of petitioner's drug dependency at the time of the alleged offense," (Second Amended Petition, Second Count, Paragraph C).
At the habeas hearing the petitioner produced evidence that he had used cocaine, heroin, and marijuana, singly and in combination, when these drugs were available to him, on a daily basis since he was eighteen or nineteen years old, i.e. since around 1985. On November 15, 1986, the petitioner experienced chest pains after "snorting" a quantity of cocaine and was briefly hospitalized as a result of this complaint (Petitioner's Exhibit E). He also introduced the testimony of Dr. Julia Ramos Grenier, an experienced clinical psychologist who specializes in the evaluation and treatment of persons who are drug-dependent. She has tested the petitioner, examined his individual and family history, and concluded that the petitioner has had a "polysubstance dependence" since age eighteen (Petitioner's Exhibit B).
The court finds that the petitioner met with Attorney McIntosh concerning his case at least fifteen times before trial. Early on his public defender explained to him that he was being charged as a non-drug-dependent person, the specifics of the allegations, and the consequences of conviction for that charge. Although the petitioner concedes these explanations occurred, he claims that Attorney McIntosh never specifically asked him if he was drug-dependent or was using drugs. He further testified that he never informed his attorney that he used drugs or might have been dependent on drugs at the time of the alleged offense.
Atty. McIntosh testified that, although he has no present recollection of discussing the petitioner's drug use with him, his custom and practice throughout the period that he handled the petitioner's case was to inquire of every client charged with violating Connecticut General Statutes CT Page 3784 Section 21a-278(b) as to whether that client used drugs and might be drug-dependent. He agreed that the petitioner never told him of his drug use. Atty. McIntosh also related that he had had several conversations about the petitioner and his case with the petitioner's mother, and his mother never disclosed that the petitioner might have a drug problem. She did often mention that the petitioner had psychological problems.
Attorney McIntosh produced a public defender service intake form pertaining to the petitioner's application for appointment of a public defender regarding an assault charge pending in 1987 (Respondent's Exhibit 7). Page two of this form indicates that the petitioner, in 1987, specifically denied being drug-dependent. Apparently, no new intake form was prepared after the petitioner was arraigned on the 1988 drug charges which are the subject of the instant case. Attorney McIntosh indicated that his discussions with the petitioner focused on the petitioner's denial of the possession of the cocaine and how to best present this defense.
Attorney McIntosh's investigation, preparation, and presentation of this defense at trial appears above reproach. He attempted to discredit the testimony of the state's witnesses and demonstrate a lack of nexus between the petitioner and the contraband. He contacted a weather bureau to establish weather conditions for the night in question. He sought and received permission to hire and did engage a professional photographer to reproduce visually the scene of the crime and to videotape a reenactment which Attorney McIntosh arranged. He canvassed the neighborhood to try to locate witnesses. He vigorously attempted to delve into he personnel files of the state police officer's witnesses to cast doubt on their credibility. The petitioner does not attack Attorney McIntosh's performance in this regard.
The petitioner offered the testimony of Attorney Leon Kaatz, an attorney experienced in the area of criminal trials and trial preparation. He testified that, in his opinion, the failure to inquire as to a client's drug use, where that client is charged with violating Connecticut General Statutes Section 21a-278(b), constitutes conduct which falls below the standard of a reasonably competent defense attorney in Connecticut. He reviewed the trial transcript pertaining to CT Page 3785 the petitioner's trial and concluded that, if Attorney McIntosh failed to inquire of the petitioner as to his drug use, this failure probably affected the outcome of the trial in that the attorney may have been able to marshall enough evidence of drug-dependency to convince the prosecutor to change the charge from Connecticut General Statutes Section21a-278(b) to a charge, such as Connecticut General Statutes Section 21a-277(a), which carries lesser possible penalties and for which drug-dependency is immaterial, or to convince the trier of fact that the petitioner was drug-dependent and thereby preclude a conviction for Connecticut General Statutes Section 21a-278(b), see e.g. State v. Hart,221 Conn. 595 (1992).
In order to prevail in a claim that he or she was deprived of effective assistance of counsel, a habeas petitioner must prove by a preponderance of the evidence that his or her counsel's performance was deficient and that this deficient performance prejudiced the defense, Johnson v. Commissioner, 218 Conn. 403 (1991), p. 424. The court agrees with the petitioner's position, as stated by his expert witness, that any reasonably competent defense counsel, when representing a client charged with violating Connecticut General Statutes Section 21a-278(b), would inquire as to that client's use of illicit substances to determine if the definition of drug-dependency under Connecticut General Statutes Section 21a-240(19) applies and that failure to do so would constitute deficient representation.
The question for the court to resolve next is whether Attorney McIntosh failed to make the requisite inquiry. As noted above, both the petitioner and Attorney McIntosh recollected that Attorney McIntosh explained to the petitioner that he was charged with possessing cocaine with intent to sell by a non-drug-dependent person, the elements of the offense, and the potential penalties for conviction thereof including a mandatory, five year, nonsuspendable, minimum prison term. The petitioner testified that Attorney McIntosh never asked him about his use of drugs. Attorney McIntosh had no recollection of specifically questioning the petitioner as to drug use but stated that it was his custom and practice to make such inquiry if a client was charged with violating Section 21a-278(b).
Credibility is for the trier of fact to determine. The CT Page 3786 court finds that the petitioner has failed to prove that Attorney McIntosh made insufficient inquiry into whether the petitioner was drug-dependent at the time of the offense. Even though the petitioner's testimony on this point was not directly contradicted by other testimony, the court is not required to accept that testimony as true, Tait and LaPlante's Handbook of Connecticut Evidence, Section 4.4.1, p. 73, 2nd ed. 1988. Attorney McIntosh's efforts to explain the ramifications of being charged with possession of cocaine with intent to sell as a non-drug-dependent person, his custom and practice to make inquiry of clients so charged, and his numerous conversations with the petitioner's mother regarding the petitioner's mental state convince the court that the petitioner's recollection as to the absence of this inquiry is inaccurate.
It should be noted that the petitioner, when asked if he was drug-dependent in 1987 specifically denied being dependent despite a level of drug use in 1987 which was substantially equal to his use a year later. The petitioner's revelations to Dr. Ramos Grenier and his testimony at the habeas trial regarding the extensive substance abuse by his mother and several siblings, including the loss of a sister who died as a result of complications from drug use, were apparently never conveyed to Attorney McIntosh, as demonstrated by that attorney's portrayal of the petitioner's family life at the sentencing hearing (Respondent's Exhibit 6, pp. 5 and 6). Also, the petitioner exhibited no physical or mental symptoms of drug use that a person not trained in the medical field would recognize.
Because the court is not persuaded that Attorney McIntosh failed to inquire sufficiently into the petitioner's possible drug use and dependency, the petitioner has not met his burden of proving by a preponderance of the evidence that his trial counsel's performance was deficient.
Therefore, the petition is denied.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court CT Page 3787