[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this habeas corpus action the petitioner claims he is unlawfully incarcerated in that he has been denied effective assistance of counsel in violation of his constitutional rights under the 6th and 14th amendments to the constitution of the United States and Article 1, Section 8 of the Connecticut constitution.
The petitioner was convicted in 1989, following a trial to the court, of violating Connecticut General Statutes § 21a-278(b), possession of cocaine with intent to sell by a non-drug dependent person. He was sentenced to a term of thirteen years, execution suspended after ten years, with a five year probationary period. The petitioner appealed his conviction to the Appellate Court claiming as error the trial court's refusal to permit him to cross-examine a police officer concerning the officer's prior misconduct. The Appellate Court found no error and affirmed the conviction.State v. Jones, 22 Conn. App. 665 (1990).
In November 1990, the petitioner filed a habeas corpus petition in the Judicial District of Tolland alleging that his trial counsel did not provide him effective assistance of counsel. Because trial counsel was a public defender, Attorney Anthony D. CT Page 11876 Collins of Manchester was appointed as special public defender to represent the petitioner in his habeas corpus matter.
Attorney Collins prepared an amended petition alleging the following acts or omissions by trial counsel:
A. That trial counsel was remiss in advising the petitioner to waive his right to a jury trial and to elect a trial to the court, and that the petitioner did not knowingly, intelligently or voluntarily waive that right.
B. That trial counsel failed to call two witnesses, John Kelly and Debbie Hendricks, both of whom would have offered exculpatory information.
C. That trial counsel failed to negate the issue of the petitioner being non-drug dependent.
At the commencement of the habeas trial Attorney Collins informed the court that the sole issue to be tried was his contention that trial counsel rendered ineffective assistance by failing to introduce evidence of the petitioner's drug dependency at the time of the offense, which would have negated the question of his status as a non-drug dependent person.
The habeas court found the petitioner failed to meet his burden of proving that trial counsel's performance was deficient and denied the petition.
The petitioner thereafter filed the instant petition for a writ of habeas corpus, alleging that his habeas attorney, Anthony D. Collins, failed to provide him with effective assistance of counsel by failing to pursue the issues of the waiver of his right to a jury trial and the failure of trial counsel to call the two witnesses, Kelly and Hendricks.
The Connecticut Supreme Court has determined that a habeas corpus petitioner is entitled to effective assistance of habeas counsel and that a petitioner may challenge the competency of habeas counsel through a new petition alleging that habeas counsel was ineffective. In such a case the petitioner's burden is to prove by a preponderance of the evidence both that his habeas counsel was ineffective and that his trial counsel was also ineffective. Lozada v. Warden, 223 Conn. 834, 842 (1992). CT Page 11877
It should be noted that the original habeas petition alleged that petitioner's incarceration is illegal because the trial court unlawfully restricted the petitioner's cross-examination of police officers' testimony. Since that issue was decided by the Appellate Court, it properly was not pursued at the habeas trial.
Also, the claim that trial counsel failed to negate the issue of the petitioner's non-drug dependency was fully litigated at the first habeas trial and is not being claimed as a basis for habeas counsel's ineffectiveness.
The remaining two claims are discussed, as follows:
First, as to the claim that trial counsel was remiss in advising the petitioner to waive his right to a jury trial and that he did not knowingly, intelligently or voluntarily waive that right, the trial attorney, an experienced public defender, quite credibly testified that he discussed the petitioners right to a jury trial with him, that he listed both the positive and negative implications of a court trial, which included such considerations as having the trier view the crime scene (while it was unlikely that a jury would have been taken to the scene in a high crime area of Bridgeport, counsel did persuade the trial judge to do so); he wanted an in-camera review of police officers' files (which although might not have contained admissible evidence, might have some discrediting information); that based on his experience with the assigned trial judge he believed that judge might question identification testimony more closely than a jury; on the other hand a jury could be deadlocked which could work to the petitioner's advantage.
He testified further that he explained that the decision of having a jury or a court trial was the petitioner's to make and that the petitioner, after a full discussion of the pros and cons, agreed to waive a jury.
The transcript of the waiver hearing (petitioner's exhibit A) reveals a careful and thorough canvas of the petitioner by the trial judge. The petitioner completed high school and had some familiarity with constitutional rights. The Court explained what a waiver was and the petitioner said he understood it. He said he discussed his decision with his attorney and was satisfied with his advice, and that he was freely, voluntarily, knowing and intelligently giving up that right. The record clearly supports that conclusion, and trial counsel clearly articulated some of the CT Page 11878 tactical reasons for recommending a court trial to the petitioner. Indeed, counsel's testimony indicated that he gave considerable thought to the matter and that advice was the result of a competent professional evaluation. The fact of ultimate conviction does not detract from that representation in any way. (See State v.Williams, 205 Conn. 456, 460 (1989).
The Court finds petitioner's testimony that he did not understand what he was doing or that he did not understand the trial court's questions lacks credibility, in light of the credible testimony and evidence to the contrary.
Petitioner's habeas attorney testified that he believed the issue of non-drug dependence offered the best possibility of success at that hearing and that the other claims made by the petitioner would only detract from that focus. Habeas counsel spoke to the trial attorney and questioned the petitioner about his lack of understanding and voluntariness of his waiver. The petitioner was not able to offer any reasonably good explanation as to the complete divergence from the transcript and his claim. He also agreed with habeas counsel's strategy to litigate his strongest claim.
The Court concludes that neither trial counsel nor habeas counsel provided ineffective assistance to the petitioner on this point.
The second issue is the claimed failure of trial counsel to call two witnesses, John Kelly and Debbie Hendricks who would have provided exculpatory evidence according to the petitioner, to the effect that he was not involved in the drug dealing. The habeas attorney testified that the petitioner told him that one of the witnesses was a transient who could not easily be located and the other had since died, and he also told habeas counsel that his trial attorney's investigator could not find either witness prior to trial. However, the petitioner testified that he was told the witnesses were advised not to get involved and that trial counsel recommended they not be called for that reason.
Trial counsel testified that the public defender's office has an investigative staff and that he sent an investigator out to locate any witnesses suggested by the petitioner, but at this date he has no recollection of their names, or who was located. Any potential witnesses would, however, have been investigated and if any were missing he would have asked for a continuance of the trial CT Page 11879 to try to find them. Since he did not do so, he has no reason to think there were any in that category. Although the petitioner claims that one of the witnesses is still in the Bridgeport area, there was no corroboration, nor was that witness presented at trial of this new habeas petition.
It is the function of the trier to determine witness credibility and it is the petitioner's burden to prove his allegations of ineffective representation.
The petitioner has failed to prove that the witnesses were available, or what their testimony would have been if they were available. He has failed to prove trial counsel was ineffective in this regard.
Similarly, habeas counsel quite reasonably suggested this claim was too weak to pursue and that it could lessen the impact of his primary argument. His advice to the petitioner on this issue, with which the petitioner agreed, cannot be found to be the basis for a finding of ineffective assistance of habeas counsel.
The petition is dismissed.
Klaczak, J.