ACCEPTED
06-15-00084-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/7/2015 1:34:56 PM
DEBBIE AUTREY
CLERK

NO. 06-15-00084-CR
NO. 06-15-00085-CR
IN THE

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

8/7/2015 1:34:56 PM

DEBBIE AUTREY
Clerk

SIXTH COURT OF APPEALS

OF TEXAS

TEXARKANA, TEXAS
_____

MIKE ALVIN RUIZ,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE
_____

On Appeal from the 8th Judicial District Court
of Hopkins County, Texas

Trial Court Cause Nos.
1524438, 1524439, and 1524608
_____

BRIEF FOR THE APPELLANT
_____

J. Edward Niehaus
BODKIN NIEHAUS & DICKSON PLLLC
207 W. Hickory St. Suite 309
Denton, Texas 76201
TELEPHONE (940) 600-1295
Jason@BNDlegal.com
STATE BAR No. 24074812
ATTORNEY FOR APPELLANT

*Oral Argument Not Requested*

## IDENTITY OF PARTIES AND COUNSEL

**1. Trial Judge:** The Honorable Eddie Northcutt presided over the trial of this case, Presiding Judge of the 8th Judicial District Court of Hopkins County, 118 Church St., Sulphur Springs, Texas 75804.

**2. Appellant:** Mike Alvin Ruiz, ID#25116, 298 Rosemont, Sulphur Springs, TX 75482.

**3. Counsel for Appellant:**

**a.** The Appellant was represented at the Trial Court by Roland Ferguson, 1804 Woodbridge Dr., Sulphur Springs, Texas 75482.

**b.** The Appellant is represented on appeal by J. Edward Niehaus, 207 W. Hickory St. Suite 309, Denton, Texas 76201.

**4. Counsel for the State of Texas:**

**a.** The State of Texas was represented by Will Ramsay Hopkins County District Attorney, and Matthew Harris, Hopkins County Assistant District Attorneys at the trial court level.

**b.** The State is represented on appeal by and through Will Ramsay, Criminal District Attorney of Hopkins County, 110 Main St., Sulphur Spring, Texas 75482.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument as the decisional process of this Court would not be significantly aided by oral argument since the facts and legal arguments

are adequately presented in the brief submitted to this Court by the Appellant.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..................................................................... i

STATEMENT REGARDING ORAL ARGUMENT........................................................ i

TABLE OF CONTENTS ............................................................................................... iii

INDEX OF AUTHORITIES .......................................................................................... iv

STATEMENT OF THE CASE......................................................................................... v

ISSUES PRESENTED ..................................................................................................... v

STATEMENT OF FACTS............................................................................................... 1

SUMMARY OF THE ARGUMENT .............................................................................. 3

ARGUMENT .................................................................................................................... 3

APPELLANT'S ISSUE NO. ONE .................................................................................. 3

The Court committed reversible error when it closed the courtroom to members
of Appellants family during contested proceedings.......................................................... 3

Standard of Review......................................................................................................... 3

Fact Statement................................................................................................................. 4

ARGUMENTS and AUTHORITIES............................................................................... 5

1)      Appellant is Constitutionally Entitled to an Open Proceeding....................... 5

2)      Appellant's Right to Open Proceeding is Fundamental................................... 7

3)      Common Law History is Consistent with the Fundamental Nature of
Open Proceedings ............................................................................................................ 8

4)      Appellant need not show harm resulting from the Court's closure of
the proceedings. ............................................................................................................. 10

5)      Conclusion and Requested Relief................................................................... 12

# INDEX OF AUTHORITIES

## Cases

*Cameron v. State*, 415 S.W.3d 404 (Tex. App.—San Antonio 2013) ................................... 5

*Douglas* v. *Wainwright*, 714 F.2d 1532 (CA11 1983) ......................................................7, 11

*Estes* v. *Texas*, 381 U.S. 532 (1965)......................................................................................... 5

*Globe Newspaper Co.* v. *Superior Court*, 457 U.S. 596 (1982) ................................................ 7, 8

*In re Oliver*, 333 U.S. 257 (1948) ...................................................................................... 5, 7

*Johnson v. United States*, 520 U.S. 461, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997)............. 7

*Levine* v. *United States*, 362 U.S. 610 (1960) .................................................................... 11

*Marin v. State,* 851 S.W.2d 275 (Tex. Crim. App. 1993)...................................................... 7

*People* v. *Jones*, 47 N. Y. 2d 409, 391 N. E. 2d 1335 (1979) ................................................ 11

*Presley v. Georgia*, 558 U.S. 209, 130 S. Ct. 721, 175 L. Ed. 2d 675 (2010) (per curiam) .. 5

*Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984)
 ...............................................................................................................6, 8, 9, 10

*State v. Sheppard*, 182 Conn. 412, 418, 438 A. 2d 125, 128 (1980) ................................... 11

*Steadman v. State*, 360 S.W.3d 499 (Tex. Crim. App. 2012)................................................ 7

*United States ex rel. Bennett* v. *Rundle*, 419 F.2d 599 (CA3 1969) ...................................7, 11

*Waller v. Ga.*, 467 U.S. 39, 104 S.Ct. 2210 (1984) .........................................................passim

## Rules

TEX. R. APP. PRO. 9(i)................................................................................................... 12

TEX. R. APP. PPR. 43.2(d)............................................................................................. 12

TEX. R. APP. PRO. 44.2(a)........................................................................................... 3, 5

Tex.R.Evid. 614............................................................................................................. 4

## Treatises

1 T. Cooley, Constitutional Limitations 647 (8th ed. 1927)................................................ 5

3 W. Blackstone Commentaries *364 .................................................................................. 9

M. Hale, The History of the Common Law of England 342 (6th ed. 1820) ................. 9

Smith, De Republica Anglorum, at 101................................................................................ 9

T. Smith, De Republica Anglorum 96 (Alston ed. 1906)....................................................... 9

W. Holdsworth, History of English Law 332, 335 (7th ed. 1956).................................... 8

## Constitutional Provisions

Tex. Const. Art. I, § 13 .................................................................................................... 5

U.S. CONST. amend. VI.................................................................................................. 5

## STATEMENT OF THE CASE

Appellant was charged by indictments with Evading Arrest by Motor Vehicle (Cause no. 1524439) and Aggravated Assault with Deadly Weapon (Cause No. 1524438 dismissed and re-indicted with one less enhancement paragraph as Cause No. 1524608), both of which were pending in the 8th Judicial District Court, the Honorable Eddie Northcutt, Presiding, (RR v2 p7). On April 30, 2015, Appellant pled guilty without sentencing recommendation to the offenses as charged in the indictment and a sentencing hearing was conducted on May 5, 2015, (CR1 53; CR2 23; RR v3 p 16 – 17; v4 p 4 – 112). The Court found the evidence sufficient to support the guilty plea, (RR v3 p19 – 20). After hearing testimony, the Court set punishment on the Evading at twenty (20) years confinement (CR1 50 – 52; RR v4 p105) and the Aggravated Assault with Deadly Weapon at thirty (30) years confinement, (CR2 47 - 49;  RR v4 p107).[1] Appellant timely filed a Notice of Appeal, (CR1 56 – 57; CR2 54 – 55).

## ISSUES PRESENTED

1.      Did the Court err by closing the proceedings to Appellant's family during sentencing hearing without conducting inquiry regarding other available methods for ensuring the orderly conduct of the case?

---

[1] CR1 refers to the Clerk's Record in 1524439; CR2 refers to the Clerk's Record in 1524608, RR refers to the Reporter's Record.

NO. 06-15-00084-CR
NO. 06-15-00085-CR
IN THE

SIXTH COURT OF APPEALS

OF TEXAS

TEXARKANA, TEXAS
_____

MIKE ALVIN RUIZ,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE
_____

On Appeal from the 8th Judicial District Court
of Hopkins County, Texas

Trial Court Cause Nos.
1524438, 1524439, and 1524608
_____

OPENING BRIEF FOR THE APPELLANT
_____

## STATEMENT OF FACTS

Appellant entered an open plea of guilty to the trial court on two cases, one alleging the offense of evading arrest with a motor vehicle and the other alleging aggravated assault with a deadly weapon, (RR v3 p16 – 20). The Court found the plea to be substantiated by the evidence, and after a sentencing hearing assessed punishment at twenty (20) years confinement for the evading arrest charge and thirty (30) years

confinement for the aggravated assault charge, (CR1 50 – 52; CR2 47 – 49; RR v4 p105 – 108). Appellant does not contest the sufficiency of the evidence substantiating his plea.

Appellant is illiterate, neither able to read nor write. While incapable of reading or writing, Appellant is not mentally incompetent, and was competent to enter his plea, (RR v3 p5 – 20). A competency finding is consistent with other court's findings prior to Appellant entering previous plea agreements in the cases used to enhance Appellant's sentencing range, (RR v3 p5 – 20).

The State's evidence consisted mostly of Appellant's prior criminal history, with brief testimony given by the officers on scene the night the allegations occurred, (RR v4 p11 – 32). Officer Zachary Brown, the complainant, approached Appellant's car to conduct a traffic stop, (RR v4 p34 – 36).

During the traffic stop, the officer reached into Appellant's vehicle, (RR v4 p38 – 44). While the officer was reaching into the vehicle, Appellant applied pressure to the accelerator, causing the car to move forward with the Officer holding on to the door, (RR v4 p46 – 48). Faced with the Hobson's Choice between holding on or being run over, the officer elected to hold onto the vehicle until the centrifugal force became too great, (RR v4 p46 – 48; 57). The Officer sustained cuts and bruises when thrown from the vehicle, (RR v4 p47).

Officer Josh Shufeldt observed the incident, (RR v4 p55 – 58). He also observed Appellant wreck out the vehicle and flee, (RR v4 p57 – 58).

Appellant presented witnesses in mitigation of the sentence, and also elected to testify, (RR v4 p62). He testified about his lack of education, his time in prison, his tattoos, and the absence of quality role models in his life, (RR v4 p63 – 68). During Appellant's testimony, his mother was removed from the courtroom, (RR v4 p68 – 69).

After Appellant's testimony, his mother also testified regarding the absence of positive role models in Appellant's live, the absence of his father, and Appellant's educational challenges, (RR v4 p85 – 90).

## SUMMARY OF THE ARGUMENT

Appellant sole issue asserts that the Court committed reversible error by closing the courtroom to his family during the sentencing phase of his contested open plea hearing, and that said error is fundamental constitutional error not requiring contemporaneous objection or showing of harm.

## ARGUMENT

### APPELLANT'S ISSUE NO. ONE

***The Court committed reversible error when it closed the courtroom to members of Appellants family during contested proceedings.***

### *Standard of Review*

"If the appellate record in a criminal case reveals constitutional error that is subject to a harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment," TEX. R. APP. PRO.

44.2(a)

## *Fact Statement*

This is an appeal from a contested open plea proceeding, (RR v2-v5). Appellant

pled guilty to Aggravated Assault with Deadly Weapon and Evading Arrest, (RR v3 p15

– 20).

During the plea hearing and subsequent sentencing, neither side invoked "the

Rule" [Tex.R.Evid. 614: Sequestration of Witnesses], (RR v4 p9).

During presentation of the Defense case, Appellant took the stand and testified,

(RR v4 p63). During that testimony, Appellant's mother was removed from the

courtroom after the following exchange:

> [Court]  Let me see the attorneys.
> (The following occurred at the bench.)
> [COURT] Ms. Ruiz, I'm going to ask you to remain outside the courtroom
> while your son is testifying. You're trying to testify for him and with him.
> [MS. RUIZ] No.
> [COURT] Okay. Well, I'm going to let you sit outside. I've kind of put up
> with that when the officers were on the stand as you kind of tried to agree
> or disagree -- mostly disagree, as if you were there. I've not heard any
> testimony to show that you were there that night. Now your son is
> testifying, and you're either trying to kind of help him or whatever, it
> appears to me. So just to take that out of the picture -- okay -- I'm going
> to have you remain outside the courtroom. There's some benches outside.
> Sit outside, and we'll call you when we're ready. Okay?
> [MS. RUIZ] Okay.
> [Court] Thank you.
> (Bench conference concluded.)
> [Court] Mr. Ferguson, you may continue. (RR v4 p68 – 69).

The record is silent before this point regarding whether the Court previously

instructed Ms. Ruiz to cease and desist her conduct or whether the Court contemplated any alternative to removing Appellant's mother from the courtroom. Neither party requested her removal. The record is silent regarding the presence of any other people being present in the courtroom at the time Appellant's mother was removed.

Ms. Ruiz was allowed back into the courtroom to testify, (RR v4 p85). The record is unclear if she was allowed to remain for closing argument or sentencing.

### *ARGUMENTS and AUTHORITIES*

Appellant argues that the Court violated his right to public proceedings, as guaranteed by Tex. Const. Art. I, § 13 and the Sixth Amendment to the United States Constitution. Appellant asserts constitutional error. See TEX. R. APP. PRO. 44.2(a)

### 1) Appellant is Constitutionally Entitled to an Open Proceeding

Under the Sixth Amendment, an accused has the right to a public trial in all criminal prosecutions. U.S. CONST. amend. VI; *Presley v. Georgia*, 558 U.S. 209, 212, 130 S. Ct. 721, 175 L. Ed. 2d 675 (2010) (per curiam) (Sixth Amendment right to public trial was created for benefit of the accused). The right extends to the jury selection phase of trial, including *voir dire* of prospective jurors. *Presley*, 558 U.S. at 212-13. *See also Cameron v. State*, 415 S.W.3d 404, 409 (Tex. App.—San Antonio 2013).

"The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility

and to the importance of their functions. ..." *Waller v. Ga.*, 467 U.S. 39, 46, 104 S.Ct. 2210, 2215 (1984) *quoting In re Oliver*, 333 U.S. 257, 270, n. 25 (1948), *quoting* 1 T. Cooley, Constitutional Limitations 647 (8th ed. 1927)). *Accord, Estes* v. *Texas*, 381 U.S. 532, 588 (1965) (Harlan, J., concurring)[2]; *In re Oliver*, 333 U.S., at 270.[3] Appellant asserts that the Court's removal of his mother from the courtroom during his testimony is in violation of his right to an open proceeding.

The longstanding right to a public trial serves important societal interests of ensuring fairness and accountability in the judicial system. *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 508, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984)(First Amendment also guarantees public trial). The right to a public trial is not absolute, however, and must give way to other competing rights or interests under certain, <u>rare</u> circumstances. *Waller v. Georgia*, 467 U.S. 39, 45, 104 S. Ct. 2210, 81 L. Ed. 2d 31 (1984)(emphasis added). Accordingly, Appellant does not assert that there is <u>never</u> a circumstance in which his mother could be removed from court. Appellant asserts that the specific circumstances here do not rise to the level of compelling concern that would necessitate his mother's removal from the courtroom.

In *Waller*, the Supreme Court provided standards for courts to apply before

---

[2] "Essentially, the public-trial guarantee embodies a view of human nature, true as a general rule, that judges, lawyers, witnesses, and jurors will perform their respective functions more responsibly in an open court than in secret proceedings."

[3] "The knowledge that every criminal trial is subject to contemporaneous review in the forum of public opinion is an effective restraint on possible abuse of judicial power."

excluding the public from <u>any stage</u> of a criminal trial, stating, "the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it <u>must make findings</u> adequate to support the closure." *Id.* at 48 (emphasis added).

Here, the Court closed the proceedings to Appellant's mother, the only source of comfort and security in Appellant's life. The Court did so without request from a party, and without adequate investigation regarding other available options other than removing her from the courtroom.

## 2) Appellant's Right to Open Proceeding is Fundamental

Violation of a criminal defendant's right to a public trial is structural error that does not require a showing of harm. *Johnson v. United States*, 520 U.S. 461, 468-69, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997); *Steadman v. State*, 360 S.W.3d 499, 510-11 (Tex. Crim. App. 2012). Counsel's failure to contemporaneously object is irrelevant where the error is structural in nature. *See Marin v. State,* 851 S.W.2d 275, 279 (Tex. Crim. App. 1993).

The right to open proceedings is considered to be <u>fundamental</u> because of the inherit value in open proceedings in ensuring transparency, reducing corruption, and increasing the public's faith in the system. "In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to

come forward and discourages perjury." *Waller v. Ga.*, 467 U.S. 39, 46, 104 S.Ct. 2210, 2215 (1984)(emphasis added). *See also In re Oliver, supra*, at 270, n. 24; *Douglas* v. *Wainwright*, 714 F.2d 1532, 1541 (CA11 1983), cert. pending, Nos. 83-817, 83-995; *United States ex rel. Bennett* v. *Rundle*, 419 F.2d 599, 606 (CA3 1969). Closed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness. In *Globe Newspaper Co.* v. *Superior Court*, 457 U.S. 596 (1982), we stated:

> [The] circumstances under which the press and public can be barred from a criminal trial are limited; the State's justification in denying access must be a weighty one. Where . . . the State attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest. *Id.*, at 606-607; *Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 509-10, 104 S.Ct. 819, 823-24 (1984).

The defendant's Sixth Amendment right to a public trial applies beyond solely a trial on the merits. See *Waller v. Ga.*, 467 U.S. 39, 43, 104 S.Ct. 2210, 2214 (1984). Included in Appellant's right to a public trial is Appellant's right to a public sentencing hearing.

### 3) Common Law History is Consistent with the Fundamental Nature of Open Proceedings

W. Holdsworth's writings, including <u>History of English Law</u>, shed light on Appellant's position that he is entitled to an open punishment proceeding.

> The roots of open trials reach back to the days before the Norman Conquest when cases in England were brought before "moots," a town

meeting kind of body such as the local court of the hundred or the county court. Attendance was virtually compulsory on the part of the freemen of the community, who represented the "patria," or the "country," in rendering judgment. The public aspect thus was "almost a necessary incident of jury trials, since the presence of a jury . . . already insured the presence of a large part of the public." As the jury system evolved in the years after the Norman Conquest, and the jury came to be but a small segment representing the community, the obligation of all freemen to attend criminal trials was relaxed; however, the public character of the proceedings, including jury selection, remained unchanged. Later, during the 14th and 15th centuries, the jury became an impartial trier of facts, owing in large part to a development in that period, allowing challenges. *Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 505-06, 104 S.Ct. 819, 821-23 (1984) *citing* 1 W. Holdsworth, History of English Law 332, 335 (7th ed. 1956)(internal citations omitted).

Since the Norman Conquest, the accused has generally enjoyed the right to challenge jurors in open court at the outset of the trial. This preference for open courts was then embodied in both the Texas and United States constitutions. Although there appear to be few contemporary accounts of the process of jury selection of that day, one early record written in 1565 places the trial "[in] the towne house, or in some open or common place." *Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 506-07, 104 S.Ct. 819, 821-23 (1984) *quoting* T. Smith, De Republica Anglorum 96 (Alston ed. 1906). Smith explained that "there is nothing put in writing but the enditement":

"All the rest is doone openlie in the presence of the Judges, the Justices, the enquest, the prisoner, *and so many as will or can come so neare as to heare it*, and all depositions and witnesses given aloude, *that all men may heare from the mouth of the depositors and witnesses what is saide."* Smith, De Republica Anglorum, at 101 (emphasis in *Press-Enter*).

The presence of bystanders from the public served another purpose according to Blackstone. If challenges kept a sufficient number of qualified jurors from appearing

at the trial, "either party may pray a *tales*." See *Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501 (1984) *citing* 3 W. Blackstone Commentaries *364; see also M. Hale, The History of the Common Law of England 342 (6th ed. 1820). A "tales" was the balance, or number, of people necessary to supply the deficiency.

The presumptive openness of the jury selection process in England carried over into proceedings in colonial America. *See Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 507-08, 104 S.Ct. 819, 821-23 (1984). For example, several accounts noted the need for talesmen at the trials of Thomas Preston and William Wemms, two of the British soldiers who were charged with murder after the so-called Boston Massacre in 1770. Public jury selection thus was the common practice in America when the Constitution was adopted. *See Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 507-08, 104 S.Ct. 819, 821-23 (1984).

By excluding Appellant's mother from the courtroom during contested portion of the hearing, the Court departed from centuries of tradition. Appellant challenges this action by the Court. Appellant readily admits that he cannot show specific prejudice aside from the constitutional violation. Appellant is entitled to public proceedings, and at least in part did not receive them, (RR v4 p68 – 69; 85).

## 4) Appellant need not show harm resulting from the Court's closure of the proceedings.

In *Waller*, the Supreme Court provided standards for courts to apply before excluding the public from <u>any stage</u> of a criminal trial, stating, "the party seeking to

close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it <u>must make findings</u> adequate to support the closure." *Id.* at 48 (emphasis added).

This Court is presented the unique circumstance where the Court appears to have closed proceedings *sua sponte* (there is no record of a request form either party to remove Ms. Ruiz). In that circumstance, the Court must still contemplate alternatives to closing the proceeding. *See generally Waller v. Ga.*, 467 U.S. 39. The failure to do so violates Appellant's right to open proceedings, and is reversible error without a showing of harm.

The United States Supreme Court has recognized the impossibility of showing harm resulting directly from the court closing a proceeding. "[T]he defendant should not be required to prove specific prejudice in order to obtain relief for a violation of the public-trial guarantee." *Waller v. Ga.*, 467 U.S. 39, 49, 104 S.Ct. 2210, 2217 (1984) See, *e.g., Douglas* v. *Wainwright*, 714 F.2d 1532, 1542 (CA11 1983) (citing cases). *See also Levine* v. *United States*, 362 U.S. 610, 627, n. (1960) (BRENNAN, J., dissenting) ("[The] settled rule of the federal courts [is] that a showing of prejudice is not necessary for reversal of a conviction not had in public proceedings").

The general view appears to be that of the Court of Appeals for the Third Circuit. It noted in an *en banc* opinion that a requirement that prejudice be shown "would in most cases deprive [the defendant] of the [public-trial] guarantee, for it would be

difficult to envisage a case in which he would have evidence available of specific injury." *Waller v. Ga.*, 467 U.S. 39, 49, 104 S.Ct. 2210, 2217 (1984) *citing United States ex rel. Bennett* v. *Rundle*, 419 F.2d 599, 608 (1969). While the benefits of a public trial are frequently intangible, difficult to prove, or a matter of chance, the Framers plainly thought them nonetheless real. *See also State* v.*Sheppard*, 182 Conn. 412, 418, 438 A. 2d 125, 128 (1980) ("Because demonstration of prejudice in this kind of case is a practical impossibility, prejudice must necessarily be implied"); *People* v. *Jones*, 47 N. Y. 2d 409, 416, 391 N. E. 2d 1335, 1340 (1979) ("The harmless error rule is no way to gauge the great, though intangible, societal loss that flows" from closing courthouse doors).

## 5) Conclusion and Requested Relief

The Court erred by closing the proceedings to Appellant's mother, Ms. Ruiz, without undertaking analysis of any other available options. The Court should have admonished Ms. Ruiz regarding her conduct before closing the proceedings to her. There is no record of the Court admonishing Ms. Ruiz regarding her conduct. By failing to explore other available options, the Court failed in its duty to ensure compliance with Appellant's constitutional right to open proceedings.

Appellant requests this Honorable Court to reverse his case and remand for new sentencing proceedings, Tex. R. App. Pro. 43.2(d).

## **PRAYER**

Appellant prays that he be granted the relief requested under each respective

---

issue.

Respectfully submitted,

/s/J. Edward Niehaus
J. Edward Niehaus

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief is in all ways compliant with Tex.R.App.Pro. 9(i) with a total calculated word count of 4,144.

/s/J. Edward Niehaus
J. Edward Niehaus

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct electronic copy of the foregoing Appellant's Brief was electronically filed in accordance with the Texas Supreme Court e-filing mandate and was electronically served on all parties on **Friday, August 07, 2015** and further certify that a hard copy has been mailed to Appellant at Appellant's last known address within the TDCJ.

/s/J. Edward Niehaus
J. Edward Niehaus